UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR422-136 |
| ) | |
| NICHOLAS ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Nicholas Robinson pleaded guilty to a single count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 38 at 1. He was sentenced to forty-six months of imprisonment and a three-year term of supervised release. *Id.* at 2-3. He has filed a Motion titled "Motion for Equitable Estoppel Pursuant to 28 U.S.C. § 2255(f)(2)." Doc. 42. Since, as explained below, such prospective extensions of the limitations period for § 2255 motions are not available, the motion is **DENIED**. Doc. 42.

Motions pursuant to 28 U.S.C. § 2255 must be filed within one year of the latest of several enumerated events. *See* 28 U.S.C. § 2255(f). Although Robinson's motion identifies circumstances he contends warrant tolling or extension of the deadline, doc. 42 at 1-2, it remains no more than a placeholder for a properly filed § 2255 motion.

"Placeholder" motions obviously defeat Congress' one-year deadline for seeking § 2255 relief. *See* 28 U.S.C. § 2255(f); *see also Bouttry v. United States*, 2012 WL 2153940, at *2 (S.D. Ga. Apr. 30, 2012) (collecting cases denying placeholder motions); *United States v. Ray*, 2014 WL 6612615, at *2 (E.D. La. Nov. 20, 2014) (court was not aware of any instances sanctioning use of "placeholder" § 2255 motions). But there are exceptions that can extend that deadline. *See United States v. Stansall*, 2016 WL 6269577, at *6 (D. Neb. Oct. 26, 2016) (circumstances under which the Court may extend the statute of limitations include where the § 2255 motion has been impeded by an unconstitutional or unlawful government action, or is based on a newly recognized constitutional right, or is supported by facts that could not have been discovered until after the judgment of conviction became final; too, when extraordinary circumstances beyond a petitioner's control prevent a timely filing, equitable tolling of the one-year limitation period may be appropriate). To the extent that any of the circumstances Robinson identified might be relevant either to the

commencement of § 2255(f)'s one-year period or to the equitable tolling of that period, he is free to assert them in a future § 2255 motion.[1]

Despite the possibility that Robinson may have arguments concerning the timeliness of a future § 2255 motion, the Eleventh Circuit has explained that a district court, such as this Court, lacks jurisdiction to rule on motions for extensions of time to file a § 2255 motion, "in instances where the request does not contain allegations supporting a claim for habeas relief." *Swichkow v. United States*, 565 F. App'x 840, 843 (11th Cir. 2014). The Court of Appeals held that, in the absence of "an actual § 2255 motion . . . there was no actual case or controversy to be heard[, and] . . . the district court properly concluded that it lacked jurisdiction to consider [the] request[ ] for an extension of time." *Id.* at 844; *see also, e.g., Jones v. Florida*, 2020 WL 3900382, at *1 (N.D. Fla. June 9, 2020) ("[T]he timeliness of a yet-to-be filed federal habeas petition does not present a case or controversy for the Court to resolve.").

In some circumstances, "[w]here a [*pro se*] motion, nominally seeking an extension of time, contains allegations sufficient to support a

---

[1] The recognition that Robinson is free to assert any of the facts included in his instant Motion in asserting the timeliness of any future motion should not be understood as indicating *any* opinion on the merits of such an assertion.

3

claim under section 2255, a district court is empowered, and in some instances may be required, . . . to treat that motion as a substantive motion for relief under section 2255." *Stewart v. United States*, 646 F.3d 856, 857 n. 1 (11th Cir. 2011) (quoting *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)); *see also Swichkow,* 565 F. App'x at 842-43. This is not such a circumstance. Robinson's motion only states that he seeks to assert an unspecified "ineffective assistance of counsel claim." *See* doc. 42 at 1. There is, therefore, no basis for treating the instant request as a § 2255 motion.

Since the Court lacks jurisdiction to consider it, Robinson's motion is **DENIED**. Doc. 42.

**SO ORDERED,** this 22nd day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4